## Bigoney *versus* Stewart.

1. Unless the mode of executing rules be defined in them or by an Act of Assembly, it is the duty of the Supreme Court to determine the sufficiency of their execution, and in doing this reliance is generally placed upon the interpretation of the court below.

2. A notice was, that depositions would be taken between 8 A. M. and 11 P. M. The depositions were closed at 8½ P. M., the justice certifying that no one appeared up to that time to cross-examine, "the witnesses and myself retired from the place of examination and did not return that night." *Held*, that the court below being of opinion that a reasonable time had been afforded for cross-examination, properly admitted the deposition.

3. A reasonable time must always be given for cross-examination, or the testimony should be rejected.

March 30th 1871. Before Thompson, C. J., Read, Agnew and Sharswood, JJ. Williams, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clinton county* : No. 333, of January Term 1871.

This was an action of assumpsit, on a promissory note, brought February 9th 1870, by A. A. Stewart against E. W. Bigoney.

The single question raised by the assignments of error was the admission of the deposition of J. B. Williams, taken on the part of the plaintiff.

On the 13th of July 1870, the plaintiff entered an *ex parte* rule to take depositions on ten days' notice. He afterwards gave the following notice :—

"To Jesse Merrill, Esq., attorney for defendant.

"Take notice, that in pursuance of a rule of court, of which the above is a copy, the deposition of A. A. Stewart *et al.*, witnesses, to be read in evidence on the trial of said cause, will be taken between the hours of 8 o'clock A. M. and 11 o'clock P. M., on Wednesday, the 3d day of August, A. D. 1870, at the office of Theo. S. Wilson, in the borough of Clarion, Clarion county, in the state of Pennsylvania, before the said Theo. S. Wilson, Esq., or some other person competent to take the same at the said time and place."

On the trial, before Mayer, P. J., the plaintiff offered in evidence the following, viz. :—

"Depositions of witnesses produced, sworn, or affirmed and examined by me, the 3d day of August, A. D. 1870, at the office of Theo. S. Wilson, at Clarion, between the hours of 8 o'clock A. M. and 11 P. M., by virtue of the annexed rule," &c. * * *

"A. A. Stewart sworn, deposeth and saith," &c. * * *

"J. B. Williams sworn, deposeth and saith," &c. * * *

"I hereby certify that the above witnesses were duly qualified and examined at the time and place stated in the above caption, and subscribed their depositions in my presence, and that the ex-

[*Bigoney v. Stewart.*]

amination of said witnesses was closed by me at 8½ o'clock P. M. of said day, and up to that time there was no one appeared as attorney for defendant to cross-examine the witnesses, at which time the witnesses and myself retired from the place of examination, and I did not go back that night.

"In testimony, &c. "FRANK M. ARNOLD, J. P."

The defendant presented the following affidavit:—

"Personally appeared before me, James B. Knox, who, being first duly sworn according to law, deposeth and saith, that on the third day of August, A. D. 1870, at 9 o'clock P. M., he received a letter from Jesse Merrill, Esq., attorney at law, Lock Haven, Pa., enclosing a copy of a rule to take depositions on the part of the plaintiff, in the borough of Clarion, on the third day of August, A. D. 1870, between the hours of 8 o'clock A. M. and 11 o'clock P. M., with directions to appear and cross-examine for the defendant, immediately on the receipt of the letter and notice by mail. That he went to the office of Theo. S. Wilson, Esq., the place designated in the rule for taking the depositions, who stated to the deponent that he was attorney for the plaintiff in the above-stated case, and that depositions had been taken in the case, on a rule, that evening. Your deponent then notified him that he appeared for the defendant, and demanded the privilege of a cross-examination. Mr. Wilson replied that the witnesses had returned to their homes, and it would be impossible for him to produce them for cross-examination at that late hour of the day. The deponent further states that the witnesses were not produced, and therefore no cross-examination was had."

The deposition of J. B. Williams was objected to, because the certificate of the justice before whom testimony was taken, as well as the deposition of Knox, shows that the justice and witnesses closed the examination and left the office two hours and a half before the expiration of rule and notice, during which time defendant's counsel appeared to cross-examine.

The objection was overruled, and a bill of exceptions sealed.

The verdict was for the plaintiff. The defendant took out this writ of error, and assigned for error the admission of the deposition.

*G. O. Diese* and *J. Merrill*, for plaintiff in error.

*C. S. McCormick*, for defendant in error.

The opinion of the court was delivered, May 8th 1851, by

THOMPSON, C. J.—Unless the mode and manner of executing rules of court be defined in the rules themselves, or by an Act of Assembly, it necessarily becomes the duty of the court to deter-

[Bigoney *v.* Stewart.]

mine the sufficiency of the execution of them.  In doing this,
" we rely greatly," as my brother Agnew said, in Fleming *v.* Beck,
12 Wright 309, " upon the interpretation of the court below of
its own rules."

The execution of the rule to take depositions in this case was
held by the learned court below, in respect to the objection that
the witnesses were not kept for cross-examination until the last
moment of time fixed in the rules, rightly decided.  The time
fixed for taking the testimony was between the hours of 8 o'clock
A. M. and 11 o'clock P. M., and the justice, in certifying to the
execution of the rule, states that the depositions were closed at
half past 8 o'clock P. M., of the day fixed, and no one appearing
up to that time to cross-examine, " the witnesses and myself re-
tired from the place of examination, and I did not go back that
night."

The learned judge exercised his judgment that this afforded
ample time to the opposite party to appear and cross-examine, if
he meant to do so.  And certainly it was, on any reasonable cal-
culation.  A reasonable time must always be given the opposite party
for that purpose.  If not, the testimony should be rejected, if
the party appeared in such reasonable time and found the de-
positions closed and the party and his witnesses gone.  But this
was not the case here.  There was therefore no error in admitting
the testimony taken on the rule.  As to the special exceptions to
the reading of certain portions of the depositions of the witnesses,
we regard the portions objected to as entirely immaterial to the
issue, and we need not further discuss them.

Judgment affirmed.